[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13171
This is an action brought by the plaintiff, Phillip Mobley, against the defendant, People's Bank, alleging that the defendant has negligently misrepresented to the plaintiff the terms and conditions relating to his eligibility to become and remain an employee at People's Bank.
The plaintiff, in early January of 1995, replied to an advertisement for a full time job as a painter with the defendant Bank. As a result of his reply, he was invited to the Bank for an interview. About a week later, he was invited to return for a second interview. At that time, he was asked to fill out a job application and was subsequently interviewed by a Mr. David Lowe, an officer of the Bank. Mr. Lowe was also present during the time the plaintiff filled out the application. During the interview, he, in general terms, related the benefits of employment with People's Bank. At the conclusion of the interview, Mr. Mobley was offered a full time job as a painter with the Bank.
The plaintiff thereupon terminated his employment with his previous employer and, on January 23, 1995, commenced work at People's Bank as a full time painter. Three weeks thereafter, he was directed to attend a seminar for new employees at which time the various benefits and conditions of employment were explained. At the seminar, he was presented with an employee's manual setting forth the terms and conditions of his employment with the defendant Bank.
About a month after commencing work, he met with security officers of the Bank who inquired of him as to why he had lied on his application. He denied doing so and the security officers then produced the application for employment which he had completed during an earlier interview. Their discussion centered around the questions: "Have you ever been convicted of a criminal offense involving dishonesty or breach of trust (including but not limited to robbery, embezzlement, forgery, perjury, tax evasion, etc.)?" He replied to them that he did not lie; that he had never been convicted of any of those crimes or crimes like them. In the discussion following, he indicated that he had in the past been convicted of possession of cocaine. He was allowed to return to his job and about a week later he was terminated from his employment by Mr. Lowe who informed him that the Bank had no choice since he was not bondable. CT Page 13172
A Ms. Dorothea Brennan, Executive Vice President and Risk Management Officer for the Bank, was responsible for the final decision to terminate the plaintiff. Among her duties was the bonding of all Bank employees. She testified that the decision to terminate his employment was based upon his prior narcotics conviction and concerns over bonding. Her testimony was that his employment was "not a good match."
She further testified that anyone making a false statement on an application would be subject to dismissal. This resulted from the fact that Mr. Mobley, in the hope of obtaining a higher pay with People's, inflated his previous hourly wage on his application. She testified, however, that she was not aware of anyone ever being discharged for giving an inflated figure as to a prior salary.
The plaintiff is seeking not only damages for loss of income and future wages but also for anxiety and emotional distress.
Our Supreme Court, referring to the tort of negligent misrepresentation, stated: "This court has long recognized liability for negligent misrepresentations. We have held that even an innocent misrepresentation of fact" may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.' . . . The governing principles are set forth in similar terms in Section 552 of the Restatement Second of Torts (1979). `One who, in the course of business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" D'Ulisse-Capo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 217-18. (Internal citations omitted.)
In order for the Bank to be held liable for negligent misrepresentation, they must have supplied false information for Mobley's guidance; that Mobley must have justifiably relied on that information; and that the Bank has failed to exercise reasonable care or competence in communicating the information. In other words, misrepresentations, even if innocent, are actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.
At the time of his employment, the day of the second CT Page 13173 interview, other than the interviewer, the only source of information relating to conditions of employment could only come from the application form. The question relating to a criminal conviction refers to crimes involving dishonesty or breach of trust. The plaintiff assumed that this did not include a conviction of a narcotics offense. However, the questions relating to drug screening and employment at will and background check are prefaced by the statement in bold print saying: "Please Read Before Signing the Statements Below. If you have any questions regarding this statement, please ask them of an employment interviewer before signing." At the time, the second interview was held and the application form completed, an interviewer was present at all times but the plaintiff did not inquire of him at any time.
Again, the application contained a section entitled "Employment At Will and Background Check" signed by the applicant. Contained within that section was the statement: "The Bank's relationship with its employees is and always will be one of voluntary employment `at will.' Neither the employee nor the Bank has entered into a contract of employment either expressed or implied. This means that the Bank or the employee is free to terminate the employment relationship at any time."
This was followed by the statement: "Employment at People's Bank is voluntarily entered into for no stated term or period of time. The Bank, at its sole discretion, has the right to terminate any employee at any time with or without cause being shown. . ."
Despite these admonitions, the plaintiff testified that he applied for the painter's job for security reasons.
The court in Williams Ford. Inc. v. Hartford Courant Co.,232 Conn. 559, 575, held that, "even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Internal citations omitted.)
From the testimony elicited, it would appear that because the question regarding a criminal conviction was interpreted by the plaintiff not to include a conviction for possession of cocaine that the Bank misrepresented information to the applicant, information that he relied upon, information that the Bank should have foreseen harm resulting therefrom. CT Page 13174
The Bank did not misrepresent any information to the plaintiff. It had no way of knowing of his conviction and that he would interpret the question as he did nor could they have foreseen any harm coming to the plaintiff. An officer of the Bank was present during the time he filled out the application. The application specifically told the applicant that he could seek assistance from the officer present in an effort to avoid any such incident from happening.
The Bank specifically stated that a background check would be conducted. This statement was separate from any question relating to criminal convictions and related to his ability to be bonded.
In D'Ulisse-Capo v. Board of Directors of Notre Dame HighSchool, supra, 218, our Supreme Court stated: "For purposes of a cause of action for negligent misrepresentation, however, the plaintiff need not prove that the representations made by the defendants were promissory. It is sufficient to allege that the representations contained false information. The gravamen of the defendant's alleged negligence is that the defendants made unconditional representations of their plans to release the plaintiff, when in fact the defendants knew or should have known that hiring plans would be contingent upon student enrollment levels for the following year." (Internal citations omitted.)
In the present case, there have been no unconditional representations of any plan to hire the plaintiff. The application contained no false information. There were several caveats in the application form itself that employment at People's would be at the will of either party; that there would be a background check of all prospective employees, that all prospective employees would be required to undergo drug testing; that an officer of the Bank was present to confer with anyone concerning any aspects of the application.
The plaintiff incorrectly assumed that the position he applied for had some employment security attached to it, something he had no right to assume when one examines the application.
Judgment may enter for the defendant.
The Court CT Page 13175 By Curran, J.